17-1006-ag
Jimbo-Niola v. Sessions

BIA
Rohan, IJ
A029 445 758

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand eighteen.

PRESENT:     PIERRE N. LEVAL,
             GUIDO CALABRESI,
             JOSÉ A. CABRANES,

                         *Circuit Judges*

_____

NOLBERTO JIMBO-NIOLA,

             *Petitioner*,

             v.                                                      17-1006

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

             *Respondent*.

_____

FOR PETITIONER:                          Keith S. Barnett, New York, NY.


FOR RESPONDENT:                          Chad A. Readler, Acting Assistant Attorney
                                         General, Leslie McKay, Senior Litigation
                                         Counsel, Stefanie Notarino Hennes, Trial
                                         Attorney, Office of Immigration Litigation,
                                         United States Department of Justice,
                                         Washington DC.


     **UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.


     Petitioner Nolberto Jimbo-Niola ("petitioner" or "Jimbo-Niola"), a native and citizen of Ecuador, seeks review of a March 7, 2017, decision of the BIA, granting reconsideration of an earlier BIA decision and affirming a March 11, 2016, decision of an immigration judge ("IJ") ordering Jimbo-Niola removed to Ecuador. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and issues on appeal.


## DISCUSSION


     We review both the IJ's decision and the BIA's second, reconsidered decision "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001) (when the BIA grants reconsideration it "takes itself back in time and looks at the case as though a decision had never been entered."). Our jurisdiction to review the denial of adjustment of status is limited to "constitutional claims or questions of law," which we review *de novo*. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). In determining whether a petitioner raises a constitutional challenge or question of law, we must "study the arguments asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).


     We do not have jurisdiction to consider Jimbo-Niola's petition because his arguments challenge the agency's discretionary decision regarding the weight of the equities in his case. *See Guyadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006) ("An assertion that an IJ or the BIA misread, misunderstood,

or misapplied the law in weighing factors relevant to the grant or denial of discretionary relief does not convert what is essentially an argument that the IJ and BIA abused their discretion into a legal question.").

Petitioner argues that the IJ did not act as a neutral factfinder because she too heavily weighed the severity of his arrests and convictions for driving while impaired by alcohol. Petitioner further argues that this mistake deprived him of due process, and that he thus raises a reviewable constitutional claim. This is not so. His argument concerns the weight given to the evidence of his prior convictions by the IJ, a factual decision that is not reviewable by the Court of Appeals. *See Saloum v. U.S. Citizenship & Immig. Srvs.*, 437 F.3d 238, 244 (2d Cir. 2006) (holding that an argument that an IJ incorrectly weighed the evidence is not a colorable constitutional claim).

Jimbo-Niola next argues that the IJ violated his right to due process a second time by failing to consider his employment and tax history, the consequences of removal for his family, or his character affidavits. This argument is meritless. Once again, petitioner attempts to characterize a dispute with the IJ's interpretation of the evidence as a constitutional violation. An agency makes an error of law when it "totally overlook[s]" or "seriously mischaracterize[s]" important facts relating to the discretionary determination. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (determining that an IJ committed an error of law by failing to consider the health of a petitioner's U.S. citizen relative). But "the agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy." *Id.* Nor is the IJ required to parse each piece of evidence; "we presume that an IJ has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise." *Xiao Ji Chen*, 471 F.3d at 342 n.17.

Petitioner has not shown that the IJ's treatment of the evidence in his case amounted to an error of law. The IJ summarized Jimbo-Niola's testimony, his tax and employment history, and the consequences of removal for his family. Although the IJ did not explicitly discuss all of these factors in the analysis section of its decision, the IJ found Jimbo-Niola credible and explicitly considered his 25 years of residence, his status as the sole financial supporter of his wife and U.S. citizen children, and the health problems of his family members. Although the IJ did not discuss the character affidavits, the record does not suggest that they were ignored, particularly as the IJ included them in the list of exhibits.

**CONCLUSION**

Because the IJ did not make an error of law, we cannot review Jimbo-Niola's challenges to the IJ's weighing of the evidence. We have reviewed all of petitioner's remaining arguments and find them to be without merit.   For the foregoing reasons, the petition for review is **DISMISSED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court